The Honorable Bill Kerr State Representative 4 Club Manor Maumelle, AR 72118
Dear Representative Kerr:
You have requested an opinion under the authority granted in Initiated Act 1 of 1988 which is cited as The Disclosure Act for Lobbyists and State Officials.
You ask four questions which I will state and then answer in the order presented.
1. Since campaign contributions are exempt from ethics reporting, who determines whether a check from a lobbyist is reportable on the ethics form, or on a campaign contribution report, providing the check is over $250, or is not report due if the amount of the check is under $250?
In response to your first question, Arkansas' campaign financing laws can be found at A.C.A. 7-6-201 et seq. These code provisions do not require a contributor to a political campaign to state specifically on each financial instrument that the donation is for campaign financing.
Nevertheless, it is my opinion that the contributor determines if a contribution is a "gift" as defined by Initiated Act 1 of 1988, or a campaign contribution as defined by A.C.A. 7-6-201. If the intent of the contributor is not clear on the face of the instrument of contribution or is otherwise not readily apparent, then a candidate must make an inquiry to determine the intent.
Therefore, if the contributor classifies any contribution in excess of $100 as a gift, the item would be reportable on a financial disclosure form required under Initiated Act 1. If the contribution is a campaign contribution, then a report as required in A.C.A. 7-6-207 must be filed, regardless of the amount.
2. Is a check or cash defined as a gift?
I assume your second question involves the definition of a "gift" as found in Initiated Act 1. It states:
 `Gift' means any payment, entertainment, advance services or anything of value, unless consideration of equal or greater value has been given therefore.
Since the above definition includes "anything of value", any cash, check or any other negotiable financial instrument may be considered a gift, subject to the other limitations set forth in the definition.
3. Gift reporting example: A golfing buddy of mine gives me a golf club he can't hit well, and tells me to try it out and if I like it, I can keep it, or use it for as long as I want. The Club has a value of over $100. Is this reportable on the ethics form?
Your third question involves the reporting requirements of a public official who is offered the use of a golf club valued in excess of $100. "Gift" as defined in the Act is noted above. The Act also specifically states that a `gift' does not include items which are not used and which, within thirty (30) days after receipt, are returned to the donor.
In the hypothetical present here, a public official would be required to report as a gift a golf club with a value in excess of $100, unless the give is returned, not used, within thirty (30) days of the receipt of the club.
4. If a lobbyist donates a typewriter worth $300 to a campaign and reports it on the ethics form, while the candidate reports it on the campaign form, and that lobbyist has since moved and is not available, who decides who made the error? Worse yet, if the typewriter has a value of $245 and was not itemized by the candidate in the campaign disclosure, will this person appear to be in violation of the ethics law?
Your fourth and final question again involves Initiated Act 1 and campaign finance laws.
In specific response to your question, it is the responsibility of the Attorney General and the various prosecuting attorneys to determine if a violation of Initiated Act 1 has occurred. Therefore, either official may determine if a lobbyist has filed an improper ethics report. It is the sole responsibility of the various prosecuting attorneys to investigate and prosecute alleged violations of campaign finance laws.
In the hypothetical you present, neither party would have violated the law, since lobbyists and candidates are not required to list campaign contributions on any report required by Initiated Act 1.